IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | CR. No: 3:07-773-JFA |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TRAYONE BURTON, | ) | |
| _____ | ) | |

This matter comes before the court upon the Petition by defendant Trayone Burton to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 328). For the reasons discussed below, the court finds that the grounds asserted by Petitioner Burton lack merit, and that the Respondent's motion for summary judgment should be granted, and the Petition dismissed.

## BACKGROUND

The investigation leading to Burton's arrest and conviction began as a result of statements offered by his co-conspirator, Javon Randolph, following Randolph's arrest in November of 2005. In his proffer agreement, Randolph indicated that Burton supplied him with cocaine powder as early as 2005. State authorities arrested Burton on July 17, 2006, and he was charged with state violations and released to bond. In August 2006, state authorities found 20 or more "kilogram rappers" during a "trash pull" at Burton's residence.

Following his indictment on June 21, 2007 by a federal grand jury, Burton was arrested by the Federal Bureau of Investigation pursuant to a federal warrant. Following a conversation with counsel at the time, Todd Rutherford, Burton followed the advice of

counsel and provided statements to the agents. Federal agents searched his residence pursuant to a search warrant. On June 25, 2007, Burton, aided by counsel, signed a proffer agreement and provided information about his illegal activities.

On September 4, 2007, the court relieved Rutherford as Burton's attorney, and Joseph McCullough appeared on Burton's behalf. The case proceeded to trial and a jury returned guilty verdicts on Count 1, Count 2, and Count 4 of the Indictment. Count 1 charged conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana; Count 2 charged possession with intent to distribute marijuana; and Count 4 charged felon in possession. Burton was acquitted on Count 3, which charged the use and carry and possession of a firearm in furtherance of drug trafficking.

This court sentenced Burton on February 2, 2009. Burton's advisory guideline sentence—based on a criminal history category of III and a total offense level of 43—was life. The court granted the Defendant's motion for a downward variance and sentenced him to a 360 month term, followed by supervised release for ten (10) years.

Burton filed the instant petition pursuant to 28 U.S.C. § 2255 on October 6, 2011. First, he argues that the federal prosecution violates the Tenth Amendment. Next, he argues that his original counsel, Todd Rutherford, was ineffective on the basis of counsel's pretrial advice and for failing to investigate Defendant's prior felony drug conviction. The government, Respondent here, has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 345). The court advised

the Petitioner in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment and the Petitioner responded in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* Because the Petitioner is acting pro se, the documents that he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990).

In order to prevail on an ineffective assistance claim, the Petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89. In addition to showing ineffective representation, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## DISCUSSION

*Ground One*

Burton's first claim is that the federal drug laws and his prosecution under those laws violates the Tenth Amendment to the Constitution. Burton includes a lengthy analysis detailing his theory that the federal statutes at issue are beyond the outer limits of Congress's authority to act.

Burton relies on the Tenth Amendment, which provides that "powers not delegated to the United States, are reserved to the States respectively." U.S. CONST. amend. X. The Tenth Amendment, however, "does not operate as a limitation upon the powers, express or implied, delegated to the national government." *Fernandez v. Wiener*,

326 U.S. 340, 362 (1945). One such power is the Commerce Clause. The Supreme Court has recognized that, under the Commerce Clause, the power of Congress "extends to those activities intrastate which so affect interstate commerce, or the exertion of the power of Congress over it, as to make regulation of them appropriate means to the attainment of a legitimate end, the effective execution of the granted power to regulate interstate commerce." *United States v. Wrightwood Dairy Co.*, 315 U.S. 110, 119 (1942). The Supreme Court has also recognized that Congress's power under the commerce clause is not limited by the exercise of state authority, though the interstate activities at issue may be commingled with intrastate activities. *See United States v. Darby*, 312 U.S. 100, 114 (1941) ("It is no objection to the assertion of the power to regulate interstate commerce that its exercise is attended by the same incidents which attend the exercise of the police power of the states."). For example, the Supreme Court has held that the Controlled Substances Act, which criminalizes the manufacture, distribution, and possession of controlled substances, does not exceed Congress's authority. *Gonzales v. Raich*, 545 U.S. 1, 15–16 (2005). Accordingly, the court finds that the federal laws at issue here were properly promulgated and rest on solid constitutional ground and, thus, Petitioner's first ground for relief lacks merit.

*Ground Two*

Burton's second ground for relief is a claim that Rutherford rendered ineffective assistance of counsel. Burton alleges that Rutherford's actions undermined his confidence in the legal system and led to his conviction. For example, Burton claims that

5

Rutherford advised him to consent to a search of his home, to speak with law enforcement without Rutherford present, and to be "less tha[n] truthful" about his finances. Based on his experience with Rutherford, Burton claims that he chose to forgo any plea opportunities and that Rutherford "built the entire case for the government." Burton, however, also concedes that the court did not allow the government to use his statements against him at trial.

This court relieved Rutherford as Burton's attorney on September 4, 2007 and Joseph McCulloch subsequently appeared on Burton's behalf. McCulloch then achieved several beneficial results for Burton: McCulloch convinced the government to allow Burton to cooperate as if he had not breached his plea, even though the government initially took the position that Burton had breached the agreement. McCulloch successfully argued a motion to suppress, and the court suppressed the statements Burton made outside the presence of his attorney. Burton, however, admits that he did not take advantage of the plea, even though McCulloch placed him in the position he would have been had he not followed Rutherford's advice. Moreover, the search of his home was deemed to be proper pursuant to a valid search warrant, and Burton's insistence that his attorney encouraged him to consent to the search is irrelevant.

McCulloch was thus able to return Burton to the position he would have been in had he not followed Rutherford's advice. Thus, assuming—but without deciding—that Rutherford's advice fell below the objective standard of reasonableness, Burton has failed to show "that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland*, 466 at 694. Burton has failed to demonstrate that Rutherford's actions in this case resulted in prejudice as outlined in *Strickland*. Burton's claim is accordingly reduced to his insistence that Rutherford's actions caused him to distrust the legal system and forgo a plea. This claim is insufficient to meet the requirements of *Strickland*, because it did not result in the deprivation of "any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364 (1993). Burton cannot now second guess his decision to forgo a plea. Accordingly, the court finds that Burton's second ground for relief lacks merit.

## Ground Three

In his final ground for relief, Burton alleges ineffective assistance of counsel by Rutherford for failing to investigate Burton's prior felony drug conviction. Burton argues that the conviction was improperly used to increase his statutory mandatory minimum for sentencing. Burton appears to allege that the 1993 conviction was deficient. Burton's conviction under 21 U.S.C. §§ 846, 841 (a)(1), and 841(b)(1)(a) provided for a statutory mandatory minimum sentence of 10 years and a maximum of life if the defendant had no prior felony convictions. Based on the drug levels attributed to Burton, his base offense level under U.S.S.G. § 2D1.1 was 38, and Burton's advisory guideline sentence was based on a total offense level 43. The result would have been an advisory guideline sentence of life, regardless of whether or not the prior drug conviction was deficient. Thus, the fact that the government did file a § 851 enhancement for the 1993 conviction

did not prejudice defendant, as he would have been in the same position without the enhancement. As a result, the court finds no prejudice under *Strickland*, and accordingly, that Burton's final ground for relief lacks merit.

## CONCLUSION

Having carefully considered all of the allegations raised in the § 2255 petition, the court concludes that none of the claims asserted by Burton has merit. For the reasons contained herein, Burton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, and the government's motion for summary judgment is granted. It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

*[signature]*

June 12, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."